John Tehranian (Bar No. 211616)
jtehranian@onellp.com
Jennifer A Mauri (Bar No. 276522)
jmauri@onellp.com
**ONE LLP**
23 Corporate Plaza Suite
Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

*Attorneys for Plaintiff*, Scott Hargis, d/b/a Scott Hargis Photo

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SCOTT HARGIS, d/b/a SCOTT HARGIS PHOTO, an individual,

Plaintiff,

v.

CALSON CARE SAN MATEO, LLC, a California limited liability company; BINGO OPCO GP LLC, a Delaware limited liability company; and DOES 1-10, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR:**

**(1) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

**DEMAND FOR JURY TRIAL**

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo, complains against Defendants Calson Care San Mateo, LLC, a California limited liability company, Bingo Opco GP LLC, a Delaware limited liability company, and DOES 1-10, inclusive, as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendants for willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. § 501(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over Defendants. Defendants purposefully direct their commercial activities at residents of the State of California, including residents of this District. Among other things, Defendants own, operate, manage, market and advertise a senior living community that solicits prospective residents and their families throughout California, and Defendants operate and maintain the commercial website www.harborathillsdale.com, which is accessible to and directed at consumers throughout California, including in this District, and through which Defendants solicit inquiries, tour requests, and business from prospective residents and their families located in this District. Hargis is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally market and advertise the Community, including via an interactive website, to persons residing in this District, accept and respond to inquiries and tour requests from persons residing in this District, and have derived revenue from persons residing in this District. Hargis's claims arise out of and relate to those activities, because Defendants carried them out by means of the very website on which Defendants reproduced, distributed and publicly displayed unauthorized copies of the Photographs. Defendants have thereby purposefully availed themselves

of the privilege of conducting business in this District, and the exercise of personal jurisdiction over Defendants here comports with traditional notions of fair play and substantial justice.

4. Venue is proper in this District under 28 U.S.C. § 1400(a), in that Defendants are subject personal jurisdiction in this District, and under 28 U.S.C. §§ 1391(b) and (c) because, inter alia, a substantial part of the events giving rise to the claims occurred in this District, including Defendants' reproduction, distribution and public display of the Photographs by means of a commercial website directed at and accessed by consumers in this District.

## PARTIES

5. Scott Hargis, d/b/a Scott Hargis Photo, is an individual residing in Oakland, California.

6. Calson Care San Mateo, LLC ("Calson Care") is a California limited liability company, Entity No. B20250213471, with its principal place of business at 2883 S. Norfolk Street, San Mateo, California 94403. Its agent for service of process is Jason Reyes, 355 Main Street, Vacaville, California 95688.

7. Bingo Opco GP LLC ("Bingo Opco") is a Delaware limited liability company that is registered to do business in California and, which may be served through its agent for service of process, Jason Reyes at 355 Main Street, Vacaville, California 95688.

8. Hargis is informed and believes, and based thereon alleges, that Calson Care and Bingo Opco together hold the operating license for, and jointly own, operate, manage, control, market, and/or advertise, the assisted living and memory care community located at 2883 S. Norfolk Street, San Mateo, California, which they market to the public as "Harbor at Hillsdale Senior Living" (the "Community"), and its website, www.harborathillsdale.com. Calson Care and Bingo Opco are referred to collectively herein as "Defendants."

9. Does 1 through 10, inclusive, are unknown to Hargis, who therefore sues said Defendants by such fictitious names. Hargis will ask leave of court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Hargis is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "Doe" is legally responsible in some manner for the events and happenings herein alleged, and that Hargis's damages as alleged herein were proximately caused by such Defendants.

10. Hargis is informed and believes, and based thereon alleges, that at all times herein relevant, each of the Defendants was the agent, alter-ego, servant, or employee of the remaining Defendants, and each was acting within the course and scope of such agency/employment relationship and with the knowledge and consent of the remaining Defendants.

## FACTS

### Hargis and His Copyrighted Works

11. Hargis is a widely recognized architectural photographer based in the San Francisco Bay area. Hargis's photographs have appeared in numerous publications including *This Old House*, *Luxe Magazine*, *Dwell*, *The New York Times*, *The Wall Street Journal*, *Oakland Magazine*, *San Francisco Magazine*, *Diablo Magazine*, *Better Homes & Gardens*, *The San Francisco Chronicle*, and *The Los Angeles Times*.

12. Hargis is sought after by architectural and design firms around the world, including Woods Bagot, Gensler, Handel, SOM, and many others.

13. He is the author of the acclaimed book "The Essential Guide to Lighting Interiors," and frequently travels throughout North America and the world on assignment. A member of the International Association of Architectural Photographers, Hargis shares his expertise with students at workshops throughout North America, Europe, Australia, and the Middle East.

14. Among the countless photographs he has created in his career are ten photographs (the "Photographs"), true and correct copies of which are attached as **Exhibit A**, showcasing various subject matter within the senior living community located at 2883 S. Norfolk Street, San Mateo, California, which Defendants operate and advertise as the Community.

15. The Photographs, which serve as the subject matter of this dispute, were timely registered with the United States Copyright Office. Eight of the Photographs, bearing the titles hargis_220707_1487_1_lowres, hargis_220707_1513-2_lowres, hargis_220707_1525-2_lowres, hargis_220707_1544-2_lowres, hargis_220707_1556-2_lowres, hargis_220707_1575-2_lowres, hargis_220707_1600-2_lowres, and hargis_220707_1644-2_lowres, were registered on October 13, 2022 under registration number VA 2-324-167. The remaining two Photographs, bearing the titles hargis_230526_0045_lowres and hargis_230526_0058_lowres, were registered on July 5, 2023 under registration number VA 2-357-271. Hargis is listed as the author and copyright claimant of the Photographs. As the author, Hargis owns and exclusively controls the rights to reproduce, adapt, distribute, and publicly display the Photographs.

16. As a professional photographer, Hargis's livelihood depends on his ability to generate revenue from his photographs. Like other photographers, he would suffer serious financial injury if his copyrights were not enforced. This would adversely impact his livelihood and ability to create new works.

**Defendants' Infringing Conduct**

17. Defendants are owners, operators, marketers, promoters, and advertisers of senior assisted living and memory care accommodations and services.

18. Defendants have, without permission or compensation to Hargis, reproduced, modified, distributed, and publicly displayed unauthorized copies of the Photographs and/or derivatives thereof wholesale on the website

www.harborathillsdale.com (the "Website"). Attached hereto as **Exhibit B** are true and correct screen-captures evidencing Defendants' unauthorized commercial exploitation of the Photographs, side-by-side with the original Photographs.

19. Defendants further published the Photographs on the Website beneath a copyright notice of their own, which states: "Copyright © 2026 | Harbor at Hillsdale | All Rights Reserved." That notice is false as applied to the Photographs, which Defendants neither created nor own, and it falsely holds Defendants out to the public as the owner of all content appearing on the Website, including the Photographs.

20. Defendants have done so for blatantly commercial purposes, exploiting the Photographs to showcase the Community in an idyllic and picturesque light as part of their advertising efforts so that they can entice prospective senior living residents and their families to choose Defendants' community over those of competitors.

21. Defendants are able to garner significant attention for the Community by featuring the Photographs on the Website. The Photographs, each a unique work in and of itself, highlight different locations and amenities within the Community in an attractive manner, undoubtedly playing an important role in Defendants' marketing and promotional efforts intended to convince prospective senior living residents and their families to choose the Community over those operated by competitors. Among other things, this attention, a direct consequence of the infringement, has translated into substantial ill-gotten commercial advantage and revenue for Defendants.

22. Defendants' acts of infringement are willful because, *inter alia*, they are sophisticated, for-profit entities with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content. Defendants themselves actively protect their own asserted copyrights, including as demonstrated by the "©" notice they placed on the Website.

23. Even more pointedly, Defendants were provided specific notice regarding their infringing activities. On September 25, 2026, counsel for Hargis sent Defendants an exhaustive cease and desist letter, addressed to Jason Reyes as Managing Partner of Calson Care and as agent for service of process for both Calson Care and Bingo Opco, and copied to other officers of the Community, by certified mail. That letter identified each of the Photographs and its registration, enclosed a chart showing each Photograph as it was then being used on the Website, and demanded written confirmation by no later than October 9, 2026 that Defendants had removed all uses of the Photographs, had disclosed all uses of the Photographs, and would permanently cease and desist from any further use of them.

24. Defendants never responded to that letter. They did not provide the written confirmation demanded, did not disclose their uses of the Photographs, and did not agree to cease and desist.

25. Instead, Defendants removed some (but certainly not all) versions of the infringing material—a clear indication that it received the letter but did not bother to comply with its demand that it cease all infringement. Moreover, by declining to respond, Care Placement has given Hargis no choice but to file suit in order to put an end to the infringement and receive proper compensation for the commercial misappropriation of his Photographs.

26. Indeed, despite the clear notice provided to Defendants by Hargis and his counsel, Defendants continued to willfully infringe Hargis's Photographs for their commercial benefit in advertising for the communities listed on its website. Specifically, as of no earlier than October 14, 2026, at least three of the Photographs remain stored on and publicly accessible from the Website's servers: hargis_230526_0045_lowres, hargis_220707_1487_1_lowres, and hargis_220707_1544-2_lowres. Attached hereto as **Exhibit C** are true and correct screen-captures taken on October 14, 2026 evidencing Defendants' continuing reproduction and distribution of those Photographs.

27. Defendants' selective removal of some of the Photographs, while leaving others in place, confirms that Defendants received Hargis's notice, understood it, had the right and ability to control the infringing material, and nonetheless chose to continue exploiting Hargis's works. Defendants' continuing acts of infringement, weeks after the receipt of Hargis's cease and desist letter, constitute quintessential *per se* willfulness.

28. At all relevant times, therefore, Defendants clearly knew of the need for proper licensing of the Photographs and failed to obtain proper authorization for the uses detailed herein.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

29. Hargis incorporates herein by reference the allegations in paragraphs 1 through 29 above.

30. Hargis owns all copyrights in and to the Photographs, which are valid and subsisting under the laws of the United States.

31. Hargis has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, and the Photographs have all been timely registered with the United States Copyright Office.

32. Defendants, without the permission or consent of Hargis, reproduced, adapted, distributed, and publicly displayed unauthorized copies of the Photographs shown in Exhibit A hereto. Such acts constitute infringement of Hargis's exclusive rights under copyright pursuant to 17 U.S.C. §§ 106 & 501.

33. In addition, on information and belief, Defendants, without the permission or consent of Hargis, knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction, adaptation, distribution, and public display of unauthorized copies of the Photographs shown in Exhibit A hereto, and have the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities.

34. Defendants are therefore directly and secondarily liable for infringement under the Copyright Act.

35. Each of the Defendants directly and individually performed the acts alleged herein, and also did so jointly and in concert with one another, or as an agent or alter ego of the other. Accordingly, each of the Defendants is liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries Hargis has suffered.

36. The infringement of Hargis's rights in each of his respective copyrighted works constitutes a separate and distinct act of infringement.

37. Defendants' unlawful conduct, as set forth above, was willful, intentional, and purposeful, in disregard of and with indifference to Hargis's rights.

38. Defendants' wrongful acts have caused, and are causing, great injury to Hargis, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further and continuing commission of said acts, Hargis will suffer irreparable injury, for all of which he is without an adequate remedy at law.

39. As a result of their willful infringement of ten of Hargis's copyrights, Hargis is entitled to recover his actual damages and Defendants' profits attributable to the violations, or, at his election, statutory damages of up to $1,500,000 for Defendants unlawful actions, exclusive of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Hargis requests judgment against Defendants as follows:

a. For a declaration that Defendants willfully infringed Hargis's copyrights;

b. For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Hargis's copyrights, including preliminary and permanent injunctive relief requiring Defendants, and their officers, agents, servants, employees, representatives, and

attorneys, and all persons in active concert or participation with them to permanently cease from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringes Hargis's copyrights or exclusive rights under copyright;

c. For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Defendants' willful violations of Hargis's rights under the Copyright Act or, in the alternative, at Hargis's election pursuant to 17 U.S.C. § 504(b), Hargis's actual damages, including Defendants' profits from infringement, in amounts to be proven at trial;

d. For an order pursuant to 17 U.S.C. § 503 requiring Defendants to deliver up for destruction or other reasonable disposition all copies made or used in violation of Hargis's respective copyrights;

e. For an order pursuant to 17 U.S.C. §§ 505 awarding Hargis his costs in this action, including his reasonable attorneys' fees;

f. For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants; and

g. For any such other and further relief as the Court may deem just and appropriate.

Dated: November 4, 2026 ONE LLP

By: *_/s/Jennifer A. Mauri_*
John Tehranian
Jennifer A. Mauri

*Attorneys for Plaintiff,*
Scott Hargis, d/b/a Scott Hargis Photo

**DEMAND FOR JURY TRIAL**

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo hereby demands trial by jury of all issues so triable under the law.

Dated: November 4, 2026

ONE LLP

By: *_/s/Jennifer A. Mauri_*
John Tehranian
Jennifer A. Mauri

*Attorneys for Plaintiff,*
Scott Hargis, d/b/a Scott Hargis Photo